UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HERIBERTO NUNEZ,

                    Plaintiff,

          -against-

THE CITY OF NEW YORK; New York City
Police (NYPD) Officer JOHN DOE, NYPD
Officer "JOHN" RODRIGUEZ, NYPD Officer
KARLA SOTO, Shield #3624

                    Defendants.

**COMPLAINT AND JURY
TRIAL DEMAND**

          Plaintiff Heriberto Nunez, by and through his attorneys, Emery Celli Brinckerhoff

& Abady LLP, for his Complaint alleges as follows:

**INTRODUCTION**

          1.          On December 31, 2016, Plaintiff Heriberto Nunez was brutally assaulted

in front of his home by three uniformed police officers, then falsely arrested and maliciously

prosecuted for crimes he did not commit.

          2.          Plaintiff, who was 50 years old at the time of the assault, was driving back

to his apartment complex after receiving a haircut. As he stopped at a red light immediately in

front of his apartment complex, he received a call from his niece. Plaintiff answered the phone.

Defendants, who were driving in a patrol vehicle, turned on their sirens and signaled for Plaintiff

to pull over. Plaintiff complied and received a ticket and summons to appear in traffic court.

          3.          As Defendants returned to their vehicle, Plaintiff yelled at the officers and

complained about the ticket. At that point, Defendants turned around, forcibly removed Plaintiff

from his car, and slammed Plaintiff face down onto the ground before placing Plaintiff in

1

handcuffs. Plaintiff, fearful for his safety, did not resist or fight back in any way. Nevertheless, Defendant John Doe #1 proceeded to strike Plaintiff numerous times in the face, while Defendants Officer Rodriguez and Officer Soto restrained Plaintiff's arms and legs. A crowd began to gather, expressing their shock and horror at the beating. One individual even took a video recording of part of the assault.

4.     Plaintiff sustained severe injuries that required immediate medical attention. Defendant Rodriguez took Plaintiff to the emergency room, where Plaintiff received six stitches to close a wound sustained over his left eye.

5.     Defendants then arrested Plaintiff and charged him with resisting arrest, disorderly conduct, and obstruction of justice. Plaintiff remained in jail for several hours.

6.     At arraignment, the disorderly conduct and resisting arrest charges were dismissed. The obstruction of justice charge was subsequently dismissed on August 11, 2017.

7.     This civil rights action seeks damages for Defendants' violations of Mr. Nunez's rights under 42 U.S.C. § 1983 and the United States Constitution.

## THE PARTIES

8.     Plaintiff Heriberto Nunez is a citizen of the United States and at all relevant times hereto was a resident of the Bronx, New York.

9.     Defendant City of New York ("City") is a municipality organized and existing under the laws of the State of New York. At all relevant times hereto, the City, acting through the New York City Police Department ("NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters, including the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, the City was responsible for enforcing the rules of the NYPD and ensuring that

2

NYPD personnel obey the laws of the United States and the State of New York.

10.     Defendants John Doe, "John" Rodriguez, and Karla Soto (collectively, "Defendant Officers" or "Officers"), at all times relevant to this complaint, were police officers employed by the City.  In this role, Defendant Officers were duly appointed and acting officers, servants, employees and/or agents of the City of New York.  At all relevant times, they were acting in the scope of their employment and under color of state law.

### JURISDICTION AND VENUE

11.     This action arises under the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§ 1983 and 1988, and New York state common law.

12.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), and 1367(a).

13.     The acts complained of occurred in the Southern District of New York, and venue is lodged in this Court pursuant to 28 U.S.C. § 1391(b).

### JURY DEMAND

14.     Plaintiff demands trial by jury in this action.

### FACTUAL ALLEGATIONS

15.     Plaintiff Heriberto Nunez is a fifty-one year old handyman at the Diego Beekman Houses in the Bronx and is a member of the Service Employees International Union, Local 32BJ.

16.     On the morning of Saturday, December 31, 2016, Plaintiff was driving back from his barber after receiving a haircut. Plaintiff stopped at a red light on the corner of East 149th Street and Trinity Avenue—immediately outside his apartment complex—at approximately 10:30 a.m. While waiting for the light to change, Plaintiff's niece called his cell

phone. Plaintiff answered the phone to confirm that he was almost home.

17.    Plaintiff did not notice the Officers in their patrol vehicle next to his car. Almost immediately after Plaintiff picked up his cell phone, the Officers flashed their lights and signaled for Plaintiff to pull over. Plaintiff complied and began recording the interaction by placing his cell phone on his car's dashboard.

18.    All three Officers emerged from the patrol vehicle. Officer John Doe and Officer Soto approached the driver's side window, while Officer Rodriguez walked to the passenger side window. Officer Soto asked Plaintiff for his license and registration, which Plaintiff turned over without complaint. The Officers took his documents back to their patrol vehicle.

19.    Several minutes later, the Officers returned to Plaintiff's car and handed him back his license and registration, along with a ticket and summons to appear in traffic court. Plaintiff took the ticket, and the Officers began to walk back to their vehicle.

20.    Operating a motor vehicle while using a cell phone is not an arrestable offense under New York law.

21.    As the Officers walked away, Plaintiff began to verbally complain about the ticket and cursed at the Officers.

22.    Plaintiff never attempted to leave his vehicle or even unbuckle his seat belt. At all times, Plaintiff remained seated in his car.

23.    Officer John Doe, apparently irritated by Plaintiff's complaints, turned around and began walking to Plaintiff's car without explanation. Officers Rodriguez and Soto followed.

24.    Upon arriving at Plaintiff's car, Officer John Doe opened the driver's side

4

door, grabbed Plaintiff by the arm, pulled him out of the car, and threw him to the ground.

Officers Rodriguez and Soto began to restrain Plaintiff's arms and legs, while Officer John Doe

pressed his knee into Plaintiff's back to pin Plaintiff to the ground.

25.     Plaintiff began to protest verbally, but again made no attempts to resist the

Officers.

26.     Despite the fact of Plaintiff's acquiescence, Officer John Doe proceeded to

strike Plaintiff in the face numerous times.

27.     Throughout this period, Officers Rodriguez and Soto continued to restrain

Plaintiff and made no effort to prevent Officer John Doe from striking Plaintiff.

28.     Due to the egregious nature of the Officers' conduct, a crowd began to

gather on the sidewalk next to where Plaintiff had been pulled over. The crowd began decrying

the Officers' conduct.

29.     Even an individual sitting on a bus across the street took note of the

incident and began recording on her cell phone.

30.     Plaintiff's face was badly bruised and bleeding, and his neck and

shoulders were in severe pain because of Officer John Doe's knee on his spine.

31.     Due to the extent of Plaintiff's injuries. Plaintiff required immediate

medical attention.

32.     The Officers then arrested Plaintiff, and Officer Rodriguez took Plaintiff

to the emergency room at Lincoln Hospital.

33.     Plaintiff received approximately six stitches above his left eye.

34.     A police van then arrived, and Officer Rodriguez took Plaintiff to the

precinct and placed him in a holding cell for several hours.

35.     Plaintiff was asked by various police officers to unlock his cell phone. He refused.

36.     That evening, Plaintiff was taken to central booking, where Plaintiff was charged with disorderly conduct, resisting arrest, and obstruction of justice.

37.     Plaintiff waited twelve hours for his case to be called, at which point the disorderly conduct and resisting arrest charges were dismissed. Plaintiff was released on his own recognizance with respect to the obstruction of justice charge.

38.     The next day, on January 1, 2017, Plaintiff continued to suffer from severe headaches and shoulder and neck pain. His face remained bruised and swollen. He purchased and began taking acetaminophen to reduce the pain, to no avail.

39.     That evening, Plaintiff began to experience dizziness and bleeding from his left ear serious enough to prompt him to call an ambulance to visit the Moses Emergency Department at Montefiore Medical Center.

40.     After several hours of tests, the doctor on duty, Dr. Mary E. Badillo, recognized the seriousness of Plaintiff's injuries and recommended that Plaintiff get admitted for overnight monitoring. Plaintiff chose instead to return home.

41.     Concerned that his severe headaches could be a sign of more serious injuries that would require a specialist's attention, Plaintiff went to Vail Medical Center on January 5, 2017.

42.     Plaintiff complained to his doctor at Vail Medical Center of a persistent headache that interfered with his normal activity "most of the time." As a result, Plaintiff was forced to take 30 days to recover fully before returning to work.

43.     Plaintiff has continued to suffer physical and emotional distress as a result

of this incident. He is scared to leave his house, gets anxious and uneasy any time he hears a

police siren, and finds his heart racing whenever he encounters a police officer. He continues to

get severe headaches and frequently experiences shoulder pain so intense he cannot work for

hours on end.

44.     The obstruction of justice charge against Plaintiff was subsequently

dismissed by Bronx Criminal Court on August 11, 2017.

45.     Within ninety days after Plaintiff's arrest, a written notice of claim, sworn

by Plaintiff, was served upon the City by personal delivery of notice, in duplicate, to the

Comptroller's office at 1 Centre Street, New York, New York.

46.     Within ninety days after the dismissal of all criminal charges against

Plaintiff, a second written notice of claim sworn by Plaintiff, was served upon the City by

personal delivery of notice, in duplicate, to the Comptroller's office at 1 Centre Street, New

York, New York.

47.     A consolidated hearing on both notices was held pursuant to General

Municipal Law § 50-h on November 28, 2017.

48.     This action has been commenced within one year after Plaintiff's arrest on

December 31, 2016.

## FIRST CAUSE OF ACTION
42 U.S.C. § 1983 – Fourth and Fourteenth Amendments
Excessive Force
(Against All Defendant Officers)

49.     Plaintiff repeats and realleges the above paragraphs as if the same were

fully set forth at length herein.

50.     At all relevant times, Defendant Officers were acting under color of state

7

law in their individual and official capacities within the scope of their respective employments as

police officers for the New York City Police Department.

51.     By assaulting Plaintiff and using excessive, brutal, and unconscionable

force against Plaintiff, and by failing to intervene and prevent other Officers from using

excessive force, Defendant Officers deprived Plaintiff of rights, remedies, privileges, and

immunities guaranteed to every citizen of the United States, secured by 42 U.S.C. § 1983,

including, but not limited to, rights guaranteed under the Fourth and Fourteenth Amendments of

the United States Constitution.

52.     Defendants acted beyond the scope of their authority and jurisdiction to

willfully, knowingly, and intentionally deprive Plaintiff of his constitutional rights.

53.     As a direct and proximate result of Defendant Officers' misconduct and

abuse detailed above, Plaintiff sustained the damages hereinbefore alleged.

**SECOND CAUSE OF ACTION**
42 U.S.C. § 1983 – Fourth and Fourteenth Amendments
False Arrest and False Imprisonment
(Against All Defendant Officers)

54.     Plaintiff repeats and realleges the above paragraphs as if the same were

fully set forth at length herein.

55.     Defendant Officers wrongfully and illegally arrested Plaintiff, or failed to

intervene in the wrongful and illegal arrest of Plaintiff.

56.     The wrongful, unjustifiable, and unlawful apprehension, arrest, and

detention of Plaintiff was carried out without any basis, without Plaintiff's consent, and without

probable cause or reasonable suspicion.

57.     At all relevant times, Defendant Officers acted forcibly in apprehending

and arresting Plaintiff.

58.     Throughout this period, Plaintiff was unlawfully, wrongfully, and unjustifiably held under arrest, deprived of his liberty, and falsely charged.

59.     At all times, the unlawful, wrongful, and false arrest of Plaintiff was without basis and without probable cause or reasonable suspicion.

60.     Defendant Officers' misconduct occurred without any fault or provocation on the part of Plaintiff.

61.     Defendant Officers acted under pretense and color of state law. Defendant Officers acted beyond the scope of their authority and jurisdiction to willfully, knowingly, and intentionally deprive Plaintiff of his constitutional rights as secured by the Fourth and Fourteenth Amendment to the United States Constitution.

62.     As a direct and proximate result of Defendant Officers' misconduct and abuse detailed above, Plaintiff sustained the damages hereinbefore alleged.

**THIRD CAUSE OF ACTION**
42 U.S.C. § 1983 – Fourth and Fourteenth Amendments
Malicious Prosecution
(Against All Defendant Officers)

63.     Plaintiff repeats and realleges the above paragraphs as if the same were fully set forth at length herein.

64.     Defendant Officers maliciously and without justification commenced criminal proceedings against Plaintiff.

65.     Defendant Officers commenced these charges falsely, maliciously, in bad faith, and without probable cause. At no subsequent point did any Defendant Officer attempt to intervene and prevent the unlawful prosecution of Plaintiff.

66.     After months proceedings in criminal court in which Plaintiff was forced to defend himself, all charges against Plaintiff were terminated in Plaintiff's favor.

67.     Defendant Officers acted under pretense and color of state law. Defendant Officers acted beyond the scope of their authority and jurisdiction to willfully, knowingly, and intentionally deprive Plaintiff of his constitutional rights as secured by the Fourth and Fourteenth Amendment to the United States Constitution.

68.     As a direct and proximate result of Defendant Officers' misconduct and abuse detailed above, Plaintiff sustained the damages hereinbefore alleged.

**FOURTH CAUSE OF ACTION**
Common Law False Arrest and False Imprisonment
(Against All Defendants)

69.     Plaintiff repeats and realleges the above paragraphs as if the same were fully set forth at length herein.

70.     Defendant Officers wrongfully and illegally arrested Plaintiff, or failed to intervene to prevent the wrongful and illegal arrest of Plaintiff.

71.     The wrongful, unjustifiable, and unlawful apprehension, arrest, and detention of Plaintiff was carried out without any basis, without Plaintiff's consent, and without probable cause or reasonable suspicion.

72.     At all relevant times, Defendant Officers acted forcibly in apprehending and arresting Plaintiff.

73.     Throughout this period, Plaintiff was unlawfully, wrongfully, and unjustifiably held under arrest, deprived of his liberty, and falsely charged.

74.     At all times, the unlawful, wrongful, and false arrest of Plaintiff was without basis and without probable cause or reasonable suspicion.

10

75.    Defendant Officers' misconduct occurred without any fault or provocation on the part of Plaintiff.

76.    Defendant Officers acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard for Plaintiff's rights, privileges, welfare, and well-being, and are guilty of egregious and gross misconduct toward Plaintiff.

77.    The City, as the employer of Defendant Officers, is responsible for Defendant Officers' wrongdoing under the doctrine of *respondeat superior*.

78.    As a direct and proximate result of the Defendants' misconduct and abuse detailed above, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CAUSE OF ACTION
Common Law Malicious Prosecution
(Against All Defendants)

79.    Plaintiff repeats and realleges the above paragraphs as if the same were fully set forth at length herein.

80.    Defendant Officers maliciously and without justification commenced criminal proceedings against Plaintiff.

81.    Defendant Officers commenced these charges falsely, maliciously, in bad faith, and without probable cause.

82.    Defendant Officers failed to subsequently intervene to prevent the unlawful prosecution of Plaintiff.

83.    After months of proceedings in criminal court in which Plaintiff was forced to defend himself, all charges against Plaintiff were terminated in Plaintiff's favor.

84.    Defendant Officers are responsible for the malicious prosecution of

11

Plaintiff during this entire period. The City, as employer of Defendant Officers, is responsible

under the doctrine of *respondeat superior*.

85.     As a direct and proximate result of the Defendant Officers' misconduct

and abuse detailed above, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CAUSE OF ACTION
Assault
(Against All Defendants)

86.     Plaintiff repeats and realleges the above paragraphs as if the same were

fully set forth at length herein.

87.     By reason of the foregoing, and by threateningly approaching Plaintiff and

aiming to grab, slam, and punch him, Defendant Officers, acting in their capacity as an NYPD

officers and within the scope of their employment as such, intentionally placed Plaintiff in

apprehension of imminent offensive contact and displayed the ability to effectuate such contact,

and thereby committed a willful, unlawful, unwarranted, and intentional assault upon Plaintiff.

88.     The assault committed by Defendant Officers was unnecessary and

unwarranted in the performance of their duties as NYPD officers and constituted an

unreasonable and excessive use of force.

89.     Defendant City, as employer of Defendant Officers, is responsible for

Defendant Officers' wrongdoing under the doctrine of *respondeat superior*.

90.     As a direct and proximate result of Defendant Officers' misconduct and

abuse detailed above, Plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CAUSE OF ACTION
Battery
(Against All Defendants)

91.     Plaintiff repeats and realleges the above paragraphs as if the same were

fully set forth at length herein.

92.     By reason of the foregoing, and by intentionally grabbing, pushing, and pinning Plaintiff onto the street, restraining his hands and legs, and striking him repeatedly in the face, Defendant Officers, acting in their capacity as NYPD officers and within the scope of their employment as such, committed a willful, unlawful, unwarranted, and intentional battery upon Plaintiff.

93.     The battery committed by Defendant Officers was unnecessary and unwarranted in the performance of their duties as NYPD officers and constituted an unreasonable and excessive use of force.

94.     Defendant City, as employer of Defendant Officers, is responsible for Defendant Officers' wrongdoing under the doctrine of *respondeat superior*.

95.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CAUSE OF ACTION
Negligent Hiring and Retention of Employment Services
(Against Defendant City)

96.     Plaintiff repeats and realleges the above paragraphs as if the same were fully set forth at length herein.

97.     Upon information and belief, Defendant City, through the NYPD, owed a duty of care to Plaintiff to prevent the injuries sustained by Plaintiff.

98.     Upon information and belief, Defendant City, through the NYPD, owed a duty of care to Plaintiff because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that an injury to Plaintiff or to those in a like situation would result from Defendant Officers' conduct.

13

99.     Upon information and belief, Defendant Officers were unfit and incompetent for their positions.

100.    Upon information and belief, Defendant City's negligence in hiring and retaining Defendant Officers proximately caused Plaintiff's injuries.

101.    Upon information and belief, because of Defendant City's negligent hiring and retention of the aforementioned Defendant Officers, Plaintiff incurred significant and lasting injuries.

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

    a.  Compensatory damages against all Defendants in an amount to be determined at trial;

    b.  Punitive damages against Defendant Officers in an amount to be determined at trial;

    c.  Reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

    d.  Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       December 22, 2017

                                 EMERY CELLI BRINCKERHOFF & ABADY LLP

                                 By: _____/s/ Earl S. Ward_____
                                 Earl S. Ward
                                 Ashok Chandran
                                 600 Fifth Avenue, 10th Floor
                                 New York, New York 10020
                                 (212) 763-5000
                                 *Attorneys for Plaintiff*